UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ALTHEA J. STROUD, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 2:19-cv-95-CDP |
| FARR RENTALS, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Althea J. Stroud for leave to commence this civil action without payment of the required filing fee. The Court has reviewed the motion and the financial information provided in support, and has determined to grant the motion. Additionally, for the reasons explained below, the Court will give plaintiff the opportunity to file an amended complaint.

**Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against Farr Rentals, LLC ("Farr Rentals"), Matthew Farr and Katie Farr (collectively "the Farrs"), the City of Canton, Missouri ("the City"), and Jarrod Phillips, the Mayor of Canton. Plaintiff also refers to the Farrs as "the landlords." She invokes this Court's federal question jurisdiction, and states she brings this case under the Fair Housing Act, along with several other federal statutes. Those statutes are the Toxic Substances Control

Act, 15 U.S.C. § 2615(a); Title VIII of the Civil Rights Act of 1968;[1] the Civil Rights Act of 1866;[2] 42 U.S.C. §§ 1982-1983; 24 C.F.R. Housing & Urban Development; the Civil Rights Act of 1986; and 18 U.S.C. §§ 241 and 242. In an exhibit attached to the complaint, plaintiff repeats the facts from her complaint and states she wishes to invoke this Court's supplemental jurisdiction over two claims premised upon state law.

Plaintiff largely sets forth her claims in conclusory fashion, and she often refers to the defendants collectively and states they engaged in wrongdoing. However, it is clear that plaintiff believes she suffered discrimination and retaliation in relation to property she rented from Farr Rentals and the Farrs. Plaintiff describes herself as an "African-American, disabled, Christian with a white disabled, Christian spouse with two inter-racial children." She does not identify any particular disability. In February of 2012, she signed a lease for 207 North 6th Street in Canton, Missouri ("the property"). On November 1, 2015, the property was transferred to Farr Rentals, and the Farrs became plaintiff's landlords.

Throughout plaintiff's tenancy, the Farrs ignored her requests to repair electrical and air quality issues at the property. Attached to the complaint are copies of letters dated March 3, 2015

---

[1] The portions of the Civil Rights Act of 1968 relevant to this case were codified into the Fair Housing Act and, as result, the Court will not treat plaintiff's claims under the Civil Rights Act of 1968 as a separate cause of action. *See* Civil Rights Act of 1968, §§ 801 *et seq.*, as amended, 42 U.S.C. §§ 3601 *et seq.*

[2] The portions of the Civil Rights Act of 1866 relevant to this case were codified into the Fair Housing Act. As a result, the Court will not treat plaintiff's claims under the Civil Rights Act of 1866 as a separate cause of action. *See* Civil Rights Act of 1866, Pub. L. No. 90-284, Title VIII, 82 Stat. 73 (1968), codified at 42 U.S.C. §§ 3601 to 3619, 3631; *see also Williams v. Matthews Co.*, 499 F.2d 819, 825 (8th Cir. 1974) ("the Fair Housing Title of the Civil Rights Act of 1968 and the 1866 Civil Rights Act together comprehensively spell out the right of an individual to rent or purchase housing without suffering discrimination and to obtain federal enforcement of that fundamental guarantee.").

and February 2, 2017 in which plaintiff asked the Farrs to repair the property's ventilation and electric breaker systems. She claims she suffered "Upper Respiratory Illnesses" from breathing sewer gas.

Attached to the complaint is a letter dated February 20, 2018 from the Farrs' attorney to plaintiff. The letter notified plaintiff that her month-to-month tenancy would terminate on March 31, 2018. The letter stated the "decision to end [plaintiff's] tenancy has nothing to do with [plaintiff and her husband] as tenants personally," but that the Farrs "intend to renovate the property, and [plaintiff is] welcome to submit an application to rent the property once renovations are complete and it returns to the market." Plaintiff claims that "Landlord retaliated and discriminated against & terminated tenancy" six months after she filed a "governmental complaint" and complained about the property's condition. She states without factual support that Matt Farr, "Landlord," and the Farrs engaged in conspiracy, were untruthful and misleading, committed slander and defamation, violated the Fair Housing Act, violated Missouri law and plaintiff's civil rights, and other such statements. Plaintiff avers that, after she vacated the property, it sat empty for a year while repairs were made. She does not allege she tried to lease the property after the repairs were completed.

Plaintiff also alleges that, in April of 2018, the City and Phillips refused to honor her written rental unit inspection request, and instead recommended she contact a dedicated home inspection service company. Plaintiff writes: "[i]t is sufficient to show that race was a consideration of at least several people from the city who personally discriminated Plaintiff, a disabled, black female." Plaintiff states the City and its employees are "all virtually white with a small black population." Plaintiff seeks monetary relief.

4

## Discussion

### A. Fair Housing Act ("FHA")

The FHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *See Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003). The party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997). Unlawful conduct under the FHA also includes "retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act." *Burshteyn v. Cmty. Hous. Ass'n, Inc.*, 2020 WL 529308, at *5 (E.D. Mo. Feb. 3, 2020) (quoting 24 C.F.R. § 100.400(c)(5)). To state a claim for retaliation under the FHA, a plaintiff must show that (1) she engaged in a protected activity; (2) defendants subjected her to an adverse action; and (3) a causal link exists between the two. *Id.* (citing *Wolf v. Hoene Ridge Subdivision*, 2015 WL 8665406, at *3 (E.D. Mo. Dec. 11, 2015), *aff'd*, 669 F. App'x 345 (8th Cir. 2016).

In this action, plaintiff alleges she is a member of a protected class as a disabled African American Christian, and that she was discriminated against on the basis of her race, color, religion, familial status, or handicap. She appears to attempt to bring her FHA claims against the City and Phillips, but she does not allege, nor does it appear, that they were providers of housing

or that they engaged in any conduct that can be considered violative of the FHA. The complaint therefore fails to state a plausible claim of FHA discrimination or retaliation against the City or Phillips. Plaintiff states that Farr Rentals and the Farrs discriminated against her in terms of seeking repairs, but she does not support that conclusion with facts permitting the inference that she actually was treated differently. She therefore fails to state a plausible FHA discrimination claim against Farr Rentals or the Farrs. Similarly, plaintiff alleges the Farrs terminated her lease after she complained about the condition of the property, but she alleges no facts permitting the inference of a causal connection between her complaint and the termination of her tenancy. She therefore fails to state a plausible FHA retaliation claim against Farr Rentals or the Farrs. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

### B. Toxic Substances Control Act

The Toxic Substances Control Act ("TSCA") provides that "any person who violates [the TSCA] shall be liable to the United States for a civil penalty[.]" 15 U.S.C. § 2615(a). The TSCA permits the United States, through the EPA, to penalize violators. It does not allow private citizens to enforce penalty provisions to recover compensatory damages. *Sipes ex rel. Slaughter v. Russell*, 89 F. Supp. 2d 1199, 1205 (D. Kan. Jan. 12, 2000). As to injunctive relief, the TSCA provides that "any person may commence a civil action against any person . . . who is alleged to be in violation of this chapter . . . to restrain such violation." 15 U.S.C. § 2619(a)(1). "The words

'to restrain' in the statute have been read to mean that 'a citizen may seek suit to restrain something that is ongoing or continuous, and that may continue in the future.'" *McCready v. Main St. Tr., Inc.*, 2008 WL 2520239, at *2 (C.D. Ill. June 20, 2008) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 250 F. Supp. 2d 48, 60 (N.D.N.Y. 2003)). "The statute does not allow for injunctive relief to 'remedy the alleged violations of the statute' or to 'set right or rectify (an error).'" *Id.*

Here, plaintiff seeks compensatory damages, which she may not recover under the TSCA. *See* 15 U.S.C. § 2615(a). Plaintiff also seeks injunctive relief to rectify an alleged past error committed by defendants related to the property, but she no longer resides there. Accordingly, because plaintiff seeks compensatory damages and injunctive relief with respect to an issue that is not ongoing, she is not entitled to relief under the TSCA.

### C. Civil Rights Act of 1866 (42 U.S.C. § 1981)

The Civil Rights Act of 1866, codified at 42 U.S.C. §§ 1981, *et seq.*, guarantees the right to make and enforce contracts on a nondiscriminatory basis. The elements of a § 1981 claim are "(1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity." *Daniels v. Dillards, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004). Discrimination in housing may violate § 1981. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 441-43 (1968).

Here, plaintiff alleges she is African American and she states that defendants Farr Rentals and the Farrs engaged in misconduct related to her tenancy, but she alleges no facts permitting the inference that she was actually treated differently because of her race. The complaint is devoid of allegations that Phillips or the City of Canton interfered with any protected activity,

7

only that they declined to provide an inspection. Accordingly, the complaint fails to state a plausible claim for relief.

### D. Title 24 of the Code of Federal Regulations

Title 24 of the Code of Federal Regulations ("C.F.R.") is a collection of regulations established by the Department of Housing and Urban Development ("HUD") to effectuate the Civil Rights Act of 1964. *See* 24 C.F.R. § 1.1. Courts have held there is no private cause of action to enforce HUD regulations. *See Guesnon v. McHenry*, 539 F.2d 1075, 1077 (5th Cir. 1976) (there is no "precedent for the proposition that a private cause of action exists to remedy a violation of [a] HUD regulation."); *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) (same); *McDonald v. Green Tree Servicing, LLC*, 2014 WL 1260708, at *5 (E.D. Mich. Mar. 27, 2014) (same). Plaintiff therefore has no private right of action pursuant to the HUD regulations in Title 24.

### E. 18 U.S.C. §§ 241-242

Sections 241 and 242 of Title 18 are criminal statutes that provide no basis for any private cause of action. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241[.]"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. Aug. 27, 2012) (same). Further, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff therefore has no cause of action under Title 18.

### F. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that the defendant acted under color of state law, and that the defendant's allegedly wrongful conduct deprived her of a federally-protected right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Here, none of plaintiff's factual allegations can support a claim that a state actor deprived her of a federally-protected right. Farr Rentals and the Farrs are alleged to be private landlords, not state actors. "[T]here is no state action in an eviction action by a private landlord[.]" *Cain v. Aradhyula*, 2015 WL 5829819, at *2 (E.D. Mo. Oct. 6, 2015). The City and Phillips are alleged to have refused to inspect the property in violation of city codes and/or ordinances. These allegations do not establish that these defendants violated plaintiff's federally-protected rights. *See Palmore v. City of Pac.*, 851 F. Supp. 2d 1162, 1169-70 (E.D. Mo. March 20, 2010) (even if intentional, violations of state law or municipal ordinances do not establish a constitutional violation for purposes of § 1983); *see e.g.*, *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (failure to report a suspected abuse as required by state statute does not state a claim for unconstitutional misconduct under § 1983); *Willmar Public Schools. Indep. Sch. Dist. No. 347*, 591 F.3d 624, 633 n.10 (8th Cir. 2010) (violation of state special education rules could not form basis of § 1983 claim). Accordingly, the complaint fails to state a valid § 1983 claim.

### G. 42 U.S.C. § 1982

"Title 42 U.S.C. § 1982 prohibits all racial discrimination, private and public, in the rental or sale of real estate." *Hoover v. United States Dep't of Hous. & Urban Dev.*, 1990 WL

312545, at *4 (E.D. Mo. May 23, 1990); *see* 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right, in every State and territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."). To state a *prima facie* case in a § 1982 action, a plaintiff must allege "(1) membership in a protected class; (2) discriminatory intent on the part of the defendant and (3) interference with the rights or benefits connected with the [rental] of property." *Daniels*, 373 F.3d at 887.

Here, plaintiff does not allege that the City or Phillips were her landlords or that they interfered with her right to lease the property. Plaintiff alleges that Farr Rentals and the Farrs engaged in misconduct related to her tenancy, but she alleges no facts permitting the inference that she was actually treated differently because of her race. She therefore fails to state a claim under § 1982.

### H. Supplemental Jurisdiction

Plaintiff states she seeks to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to assert two claims premised upon Missouri law. As explained above, all of plaintiff's claims premised upon federal law are subject to dismissal. Therefore, at this time, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.

### I. Amended Complaint

Plaintiff will have thirty days to file an amended complaint. The amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on a court-provided form, which will be provided to her. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must write the name of each defendant she wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting her claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with this Order, the Court may dismiss this action without prejudice and without further notice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2020.